# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELHAM SATAKI, <br><br> Plaintiff, <br><br> v. <br><br> MEHDI FALAHATI, <br><br> Defendants. | Civil Action No. 10-466 (CKK) |

## MEMORANDUM OPINION
(July 12, 2010)

Plaintiff Elham Sataki filed the above-captioned suit against Defendant Mehdi Falahati, her co-worker at the Broadcasting Board of Governors ("BBG"), asserting tort claims for Assault and Battery, False Light, Defamation, Tortious Interference with Business Relations, and Intentional Infliction of Emotional Distress. The action was originally filed by Plaintiff in the Superior Court for the District of Columbia on March 1, 2010. On March 19, 2010, the Chief of the Civil Division in the Office of the United States Attorney for the District of Columbia certified pursuant to 28 U.S.C. § 2679(d) that Mr. Falahati had been acting within the scope of his employment as an employee of the United States at the time he allegedly engaged in the majority of the conduct of which Plaintiff complains. *See* Notice of Removal, Docket No. [1], Ex. 2 (Westfall Certification). The case was subsequently removed to this Court on March 19, 2010, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446, and 2679(d). *See* Notice of Removal, Docket No. [1]. Plaintiff has not objected to the Westfall Certification or to the removal of this action.

On June 3, 2010, Defendant Mehdi Falahati and the United States of America filed a Motion to Dismiss this action. *See* Docket No. [12]. As set forth therein, Defendant Falahati

argues that all of Plaintiff's tort claims against him must be dismissed as a matter of law because: (1) Title VII is the exclusive judicial remedy for federal employees to challenge employment discrimination or retaliation and therefore preempts all of Plaintiff's tort claims against Defendant Falahati, as the claims are based on allegations of sexual harassment in the workplace, Def.'s MTD at 5-9; and (2) alternatively, Plaintiff's tort claims are within the scope of the Federal Employees' Compensation Act ("FECA") or, at a minimum, establish a "substantial question" regarding the applicability of FECA, such that FECA bars Plaintiff's tort claims against Defendant Falahati, *id.* at 17-20. Defendant Falahati separately contends that even assuming Plaintiff's tort claims against him do not fail as a matter of law, to the extent her claims are based on conduct certified in the Westfall Certification, the United States must be substituted as the sole defendant and the claims must be dismissed as the United States has not waived its sovereign immunity, Plaintiff did not exhaust her administrative remedies, and she has no right to a jury trial or punitive damages. *Id.* at 9-16.

On June 17, 2010, Plaintiff, through counsel, filed a Motion for Extension of Time, in which she requested that she be permitted a two week extension of time to file her opposition to Defendant's Motion to Dismiss. By Minute Order dated June 18, 2010, the Court granted Plaintiff's Motion for Extension of Time. *See* June 18, 2010 Min. Order. Accordingly, Plaintiff had until and including July 2, 2010 — i.e., two weeks from the date of the Order — to respond to Defendant's Motion to Dismiss. Plaintiff, who is represented by counsel in this action, failed to file any response to Defendant's Motion to Dismiss by July 2, 2010, or indeed, at anytime thereafter. As of the date of this Memorandum Opinion and accompanying Order, the docket reflects that no response has been filed by Plaintiff. Accordingly, pursuant to LCvR 7(b), the

Court shall GRANT Defendant's [12] Motion to Dismiss as conceded.  *See* LCvR 7(b) ("If . . . a memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded.").  *See also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (a district court may in its discretion "rel[y] on the absence of a response as a basis for treating [a] motion as conceded").  This case shall therefore be DISMISSED without prejudice.  An appropriate Order accompanies this Memorandum Opinion.

Date: July 12, 2010

                                                 /s/
                                           **COLLEEN KOLLAR-KOTELLY**
                                           United States District Judge